## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Steven J. Horacek | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-1286-WEB |
| | ) | |
| Doak P. Doolittle, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

### MEMORANDUM AND ORDER

Now before the Court are Plaintiff's and Defendant's motions in limine.  The Court has jurisdiction over this case under 28 U.S.C. § 1332 and it is not disputed.

### I.  Background

Plaintiff, Steven Horacek, saw his primary care physician about painful swelling of his left testicle on August 8, 2001.  Plaintiff was referred to Defendant, Dr. Doolittle, that same day.  Defendant operated on Plaintiff and surgically removed Plaintiff's left testicle for what was thought to be testicular cancer.  The testicle was later found to be not cancerous.  Plaintiff alleges that Defendant's treatment fell below the standard of care which caused Plaintiff to suffer permanent injuries.  Plaintiff requests damages for past and future medical expenses as well as non economic losses such as past and future pain, suffering, mental anguish, disfigurement and loss of consortium.

### II.  Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal

law." *Romine v. Parman*, 831 F.2d 944, 944 (10th Cir. 1987).  However, some evidentiary questions

are so dependent on state substantive policy that state law must be applied. *Id.* at 945.  A trial court in its

discretion regarding the admissibility of evidence, may look to the reasoning employed by other circuits,

districts or state courts when reaching evidentiary decisions. *Herndon v. Seven Bar Flying Service, Inc.,*

716 F.2d 1322, 1326 (10th Cir. 1983).


III.  Conclusions

A.  The Court finds as follows with respect to Defendant's motions in limine:


1. To preclude counsel from asking questions during voir dire relating to the subject of insurance.

This motion is unopposed by Plaintiff and is granted.


2.   To preclude experts from expressing additional opinions other than those expressed in

discovery.  Plaintiff argues that Defendant is attempting to exclude a supplemental report from Plaintiff's

expert, Dr. Ehrlich.  The supplemental report and opinion of Dr. Ehrlich gives an opinion based on new

evidence of Plaintiff's low testosterone.  While the Court ruled initially that Plaintiff's evidence of low

testosterone was admissible, the issue is moot because Plaintiff decided not to introduce this evidence.


3.  To preclude Plaintiff from use of articles and treatises published after the date of the incident,

August 8, 2001.  The Court disagrees with Defendant that any treatise published after August 8, 2001 is

irrelevant as to the standard of care on the date of the incident.  "Without knowing what information will

be read from what treatise and what expert testimony will support the reading of that treatise, the court is

unable to rule on this motion...The publication date of a treatise or article is obviously a factor, but not the

sole one, in determining the relevance and admissibility of the information and material found therein."

*McReynolds v. Bigler*, No. 88-1343, 1990 U.S. Dist. LEXIS 11651 at 19 (D. Kan. Aug. 6, 1990).  The

admissibility of a learned treatise will depend on whether the publication reflects the standard of care that

existed at the time of the event.  This can only be established by a proper foundation at trial; therefore, the

Court declines to rule on the admissibility of treatises until the evidence is actually offered.


4.   To exclude evidence regarding pending lawsuits in which Defendant or Defendant's expert

witnesses are named parties.  Plaintiff argues that this information is important to show bias as Defendant's

counsel is representing Defendant's expert witness, Dr. McDonald, in a separate malpractice case.

Defendant argues that this is irrelevant because the current suit against Defendant's expert was filed after

his expert opinion and reports had been filed in this case.  The Court agrees with Defendant.  Additionally,

any probative value this might have is outweighed by the prejudice "caused by the jury drawing improper

inferences from such evidence."  *Id.* at 17; Fed. R. Evid. 403.


5.   To preclude questions to experts about what their personal treatment would have been.

"Generally evidence is not admissible to show what another would have done under the circumstances, or

that he would have treated the patient in some other way, or to show how defendant's treatment of like

cases differed from that of other physicians."  *Karrigan v. Nazareth Convent & Academy, Inc.*, 212

Kan. 44, 410 P.2d 190 (1973) (internal quotations and citations omitted); *see also Cox v. Lesko,* 935

P.2d 1086, 1089, 23 Kan. App. 2d 794, 799 (1997) ("To allow [plaintiff] to cross-examine [defendant's expert] on how he preferred to treat these types of [] injuries would unduly emphasize one approach over another and was not relevant in determining whether [defendant] deviated from the appropriate standard of care") *rev'd on other grounds*.  While Plaintiff is correct to point out that great latitude is permitted to cross examine expert witnesses, the Court finds the reasoning in the above Kansas cases persuasive; therefore, Defendant's motion is granted.

B.  The Court finds the following with respect to Plaintiff's motions in limine:

1.  To preclude any reference to collateral benefits received by Plaintiff, including Medicare. Defendant agrees that evidence of collateral benefits should not be allowed; however, Defendant requests that Plaintiff be precluded from seeking compensation for medical expenses that constitute Medicare write-offs.

Plaintiff argues that he is entitled to these damages because Kansas public policy supports "the theory that any windfall from the injured party's collateral sources should benefit the injured party rather than the tortfeasor." *Rose v. Via Christi Health System, Inc.,* 78 P.3d 798, 806, 276 Kan. 539, 551 (2003), *modified on rehearing*, 113 P.3d 241, 279 Kan. __ (2005).[1]  Plaintiff's argument presumes that

---

[1] Plaintiff also claims that Defendant's argument is untimely and not included in the Pretrial order.  Plaintiff provides no authority for its assertion that the Court should not now hear Defendant's claim.  *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n10 (10th Cir. 2001) (A litigant who fails to press a point by supporting it with pertinent authority forfeits the point as the court will not do his research for him).

Medicare write-offs are collateral sources.

In the *Rose* case of 2005, the Kansas Supreme Court stated,

> where the Medicare provider, [], is the defendant and also the health care provider of the services which form the basis of the economic damages claim, the trial court did not err in allowing a setoff or credit against the portion of the economic loss attributable to medical expenses in the amount of the Medicare write off, an amount not paid by the plaintiff, Medicare or any third party.

*Rose v. Via Christi Health Sys., Inc.*, 113 P.3d 241, 248 (2005)

The court held that this did not violate the collateral source rule. *Id.* The policy underlying the holding was to ensure that the Plaintiff did not acquire a double recovery, in the form of written off health care expenses and also damages by the same health care provider in the amount of those same written off expenses. *Id.* at 247. However, the court specifically stated that it did not reach the issue which is before this Court today -- whether Medicare write-offs are a collateral source when the services are provided by a health care provider that is not a defendant. *Id.*

Defendant cites a case which is on point. *Wildermuth v. Staton*, No. CIVA. 01-2418-CM 2002 U.S. Dist. LEXIS 8034 (D. Kan. April 29, 2002). In this case, the issue was "whether Plaintiffs may introduce evidence of the full amount of their medical expenses even though their health care providers wrote off a portion of the charges pursuant to their agreements with Medicare." *Id.* at 8. The court granted Defendant's motion to exclude at trial any evidence of medical expenses that represented Medicare write-offs and limiting Plaintiff's medical expenses to the amount actually paid by Medicare. *Id.* at 23. The *Wildermuth* decision was guided by a Kansas Court of Appeals (KCA) decision addressing a similar question about Medicaid write-offs. *Bates v. Hogg*, 921 P.2d 249, 22 Kan. App. 2d 702 (1996). In *Bates*, the KCA held that the collateral source rule was inapplicable to write-offs of Medicaid payments.

*Id.* at 253.  The KCA recognized that medical providers were bound by their contract with Medicaid not to charge a patient above the amount paid by Medicaid; thus, allowing the plaintiff to recover for the writeoffs when those expenses were never paid by a collateral source would result in a windfall to the plaintiff.  *Id.*

The Court finds that the collateral source doctrine is inapplicable to Medicare write-offs. Therefore, the Court orders that Plaintiff limit the damages to those amounts paid by Medicare or other collateral sources.  The damages shall exclude the amount of compensation that constitute Medicare write-offs.  The Court also grants Plaintiff's motion to exclude all evidence of Medicare payments and Medicare write-offs.  *Berg v. United States*, 806 F.2d 9787, 985 (10th Cir. 1986) (Medicare payments are a collateral source as long as plaintiff paid FICA taxes to support Medicare fund).

2.   To preclude the introduction of evidence of Plaintiff's receipt of Social Security benefits. Defendant claims that Plaintiff's Social Security benefits are relevant in determining Plaintiff's emotional distress and mental anguish damage claims.  The Court is unpersuaded.  Defendant has failed to convince the Court that receipt of social security payments is relevant to life expectancy, emotional distress or mental anguish. Fed. R. Evid. 401.  Even if it were somehow relevant, the prejudicial effect would far outweigh any probative value.  *See Eichel v. New York Cent. R. Co.,* 375 U.S. 253, 255 (1963) ("we must recognize that petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact"); Fed. R. Evid. 403.  Plaintiff's motion is granted.

3.  To exclude evidence of Plaintiff's medical records that are unrelated to this case.  Plaintiff argues

that his prior back and substance abuse conditions are irrelevant to the issues in the case *sub judice*; moreover, even if they were relevant, they would be highly prejudicial. Fed. R. Evid. 403. Defendant argues that Plaintiff's prior drug use is relevant because he can show that a relationship exists between drug use and lower levels of testosterone. However, the Court finds that the evidence of drug use over ten years ago is too remote in time and too prejudicial to admit into evidence. Id. Additionally, the Court sees no relevance in Plaintiff's medical records regarding his back condition. Fed. R. Evid. 401. Plaintiff's motion is granted.

4. To bar Defendant from offering into evidence Plaintiff's criminal record. Any felony conviction may be used as evidence subject to Rule 403. Fed. R. Evid. 609 (a)(1). Any conviction shall be admitted if it involved false statement or dishonesty. Fed. R. Evid. 609 (a)(2). Federal Rules of Evidence Rule 609 further states:

> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction... unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

> (c) Effect of a pardon, annulment, or certificate of rehabilitation. Evidence of conviction under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year...

Id.

The convictions at issue are:

a). Possession of Methamphetamine in violation of K.S.A. 65-4160(a),a level 4d felony; and Possession of Drug Paraphernalia in violation of K.S.A. 65-4152, a

level A nonperson misdemeanor. Date of Conviction: April 3, 1995. Date of
Sentence: May 1, 1995. Sentence: 24 months probation. Fine was $130.00. Date
of Expungement: June 13, 2005.

b). Driving Under Influence of Alcohol in violation of K.S.A. 8-1567, a Class B
nonperson misdemeanor. Date of Conviction: October 26, 1995. Date of
Sentencing: February 6, 1996. Sentenced to Jail: Probation for 12 months. Fine
was $274.00. Date of Expungement: June 13, 2005.

c). Disorderly Conduct in violation of K.S.A. 21-4101. Misdemeanor. Date of
Conviction: September 20, 1995. Date of Sentencing: September 20, 1995. Fine
was $138.00.

d). Deprivation of Property in violation of K.S.A. 21-3705, a Class A nonperson
misdemeanor. Date of Conviction: February 4, 1997. Date of Sentencing:
February 4, 1997. Sentence: Probation for 12 months. Fine was $103.00.
Restitution was $159.00.  Date of Expungement: June 13, 2005.

(Pl. Mot. in Limine, Ex. K, M, N, L)

The felony of possession of methamphetamine is over ten years old and is of little probative value;

hence it is inadmissible.  Fed. R. Evid. 609 (b).  The convictions of disorderly conduct and driving under

the influence are misdemeanors and they do not involve elements of dishonesty; therefore, they are also

inadmissible.  Fed. R. Evid. 609 (a)(1)(2).

Defendant claims that deprivation of property is a crime involving dishonesty and should therefore

be admissible under Fed. R. Evid. 609 (a)(2).  Plaintiff argues that the crime is not one that involves

dishonesty; moreover, even if it did, the crime was expunged and therefore inadmissible under Fed. R. Evid.

609 (c); (Pl. Ex. N).

The Tenth Circuit states that a trial court should look "beyond the elements of an offense that is not

considered a per se crime of dishonesty to determine whether the particular conviction rested upon facts

establishing dishonesty or false statement."  *United States v. Mejia-Alarcon*, 995 F.2d 982, 989-990

(10th Cir. 1993).  The Tenth Circuit has concluded that theft cases must be decided on a case by case basis to determine if they arise "out of fraudulent or deceitful conduct which might bring them within the ambit of Rule 609(a)(2)."  *United States v. Seamster*, 568 F.2d 188, 191 (10th Cir. 1978).

The deprivation of property crime is defined in K.S.A. § 21-3705, which reads:

(a) Criminal deprivation of property is obtaining or exerting unauthorized control over property, with intent to deprive the owner of the temporary use thereof, without the owner's consent but not with the intent of depriving the owner permanently of the possession, use or benefit of such owner's property.

Id.

Defendant has failed to show that Plaintiff's crime involved dishonesty or false statement.  None of the above elements necessarily include dishonesty or false statement and Defendant fails to provide any facts for this Court to use in determining if this conviction meets the requirements of Rule 609(a)(2).

Even if the facts of the case were to show dishonesty or false statement, Plaintiff's misdemeanor conviction has been expunged.  When there has been an expungement, the extent of the expungement will be determined by reference to state law.  *United States v. Moore*, 556 F.2d 479, 484 (10th Cir. 1977).

The Kansas expungement statute reads in part:

(e) At the hearing on the petition, the court shall order the petitioner's arrest record, conviction or diversion expunged if the court finds that:
(1) The petitioner has not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the petitioner;
(2) the circumstances and behavior of the petitioner warrant the expungement; and
(3) the expungement is consistent with the public welfare.

(f) ...After the order of expungement is entered, the petitioner shall be treated as not having been arrested, convicted or diverted of the crime...

K.S.A. § 21-4619.

The Kansas statute lists the situations when the expunged conviction may still be used and this list does not include impeachment.   Id.   Additionally, in upholding the constitutionality of the Kansas expungement statute, the Kansas Supreme Court stated that one of the underlying purposes of the statute was the rehabilitation of criminals.  *Stephens v. Van Arsdale*, 608 P.2d 972, 985, 227 Kan. 676, 698 (1980); *see State v. Miller*, 520 P.2d 1248, 1252, 214 Kan. 538, 542 (1974).

The cases cited by Defendant  are unpersuasive.  In *United States Xpress Enters. v. J.B. Hunt Transp.,* 320 F.3d 809, 817 (8th Cir. 2003), a court found that a Canadian conviction was not absolved under Rule 609(c) when the witness paid $5,000 and complied with a six-month probation term because this does not constitute a finding of rehabilitation or innocence.  Id.  The case *sub judice* is distinguishable because the state court specifically found that Plaintiff met the statutory requirements for expungement.  (Pl. Ex. N).  While rehabilitation is not specifically stated among the requirements, given the wording of the statute and the underlying purpose as elucidated by the Kansas Supreme Court, the Court holds that receipt of expungement is tantamount to a finding of rehabilitation.

In *Zinman v. Black & Decker*, 983 F.2d 431 (2d Cir. 1993), the court refused to allow evidence of a witness's "law-abiding and community-minded behavior following his conviction" to show that he was rehabilitated.  This case is even less persuasive as the witness had no official expungement, annulment or other decree from a court declaring rehabilitation.  The Kansas court officially expunged Plaintiff's deprivation of property conviction and the Court finds that this expungement meets the requirements in Rule 609(c).  Plaintiff's motion is granted.


    5.   To preclude any use of the pleading to cross-examine Plaintiff or Plaintiff's witnesses.

10

Defendant does not object but asserts that he may use the pretrial order to cross examine witnesses. Plaintiff argues that the pretrial order should be precluded as well. Courts have allowed pleadings to be used to cross examine witnesses in certain cases. *Frank v. Bloom*, 634 F.2d 1245, 1251 (10th Cir. 1980) (factual statements by attorney acting in agency capacity admissible against client); *cf. Mason v. Texaco, Inc.,* 129 F.R.D. 542, 547 (D. Kan. 1989) (pleadings not admissible to cross examine a party because it involved legal decisions in which the party played no meaningful role and to allow questioning would result in prejudice by casting her in a confused light). The Court grants Plaintiff's motion to preclude the use of the pleadings during cross examination and it will apply to both Plaintiff and Defendant. The Court will not, at this stage, preclude the use of the pretrial order during cross examination, as admissibility depends on what in the pretrial order a party wants to use.

6.   To exclude evidence of lawsuits against Plaintiff's expert witness. Defendant does not object as long as the same rule applies to Defendant's experts. The same rule does apply to Defendant's experts as stated earlier in this opinion. Plaintiff's motion is granted.

7.   To preclude reference to results or verdicts in other cases in which Plaintiff's experts have testified. Defendant does not object as long as the same rule applies for Defendant's experts. Plaintiff does not object to this; therefore, the motion is granted and will apply to both Defendant's and Plaintiff's expert witnesses.

8.   To exclude evidence of Plaintiff's and Plaintiff's wife involvement in past litigation. Plaintiff was

involved in a motor vehicle accident where he injured his scapula, head and knee.  (Pl. Ex. C at 18-20).

The accident resulted in a settlement in 1993.  (Id.).  Plaintiff's wife was involved in a wrongful discharge

suit in 1994 which she lost.  (Pl. Ex. Q at 5-6).  Defendant argues that evidence showing this litigation is

necessary to show the total state of Plaintiff's mental, emotional and physical health as well as to illustrate

the relationship between Plaintiff and his spouse.  The Court fails to see how Plaintiff's wife wrongful

termination suit is relevant to any issue in this case.  Fed. R. Evid. 401.  Additionally, Defendant fails to

show that the injuries sustained by Plaintiff in the 1993 accident are somehow relevant to the injuries

sustained from the alleged negligence of Defendant.  Moreover, any slight probative value that these

lawsuits might have is "outweighed by the substantial danger of jury bias against the chronic litigant."

*Outley v. City of New York*, 837 F.2d 587, 591-595 (2d Cir. 1988); Fed. R. Evid. 403.  Plaintiff's

motion is granted.


    9.  To preclude Defendant from mentioning to ease of filing lawsuits or comparison to unrelated

litigation. The Court agrees that such arguments are irrelevant and also prejudicial.  Plaintiff's motion is

granted.  *See Staab v. Uniroyal Tire Co.,* 1994 U.S. Dist. LEXIS 6882 (W.D. Mo. May 3, 1994).



    It is so ORDERED that Plaintiff's motion (Doc. 48) be GRANTED in part and DENIED in part

and that Defendant's motion (Doc. 38, 40, 42, 44, 46) be GRANTED in part and DENIED in part in

accordance with this opinion.

SO ORDERED this 12th day of August 2005.


       s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge